■ Jason M. Demarest, Respondent-Appellant, v Daniel E. Bailey et al., Appellants-Respondents, and Kathryn K. Tilley et al., Respondents. [668 NYS2d 722] —Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered February 19, 1997 in Albany County, which granted motions by defendants Kathryn K. Tilley and Michael J. Babcock for summary judgment dismissing the complaint against them and denied a cross motion by defendant Daniel E. Bailey for summary judgment dismissing the complaint against him.

On October 16, 1993, plaintiff was injured when he was struck in the face with a bottle while attending a "keg" party hosted by defendant Daniel E. Bailey. As a consequence, plaintiff commenced this personal injury action against Bailey, his mother, defendant Kathryn K. Tilley (hereinafter Tilley), her husband, defendant John T. Tilley, and the alleged assailant, defendant Michael J. Babcock. Following joinder of issue and discovery, Babcock moved for summary judgment and Bailey and Tilley cross-moved for similar relief. Supreme Court granted Babcock's and Tilley's respective motions for summary judgment and denied Bailey's cross·motion. Plaintiff appeals from the order granting the motions of Tilley and Babcock, and Bailey and John Tilley appeal the denial of summary judgment as to them.*

We affirm. Inasmuch as the only theory of liability pleaded against Babcock was a claim for negligence, Supreme Court properly granted summary judgment on his behalf. The record

---

* While John Tilley did not move for summary judgment, he urges on appeal that such was warranted upon a search of the record (*see,* CPLR 3212 [b]; *see generally, Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946).

unequivocally demonstrates that Babcock's actions were intentional and were therefore not actionable in negligence (*see, Sanchez v Wallkill Cent. School Dist.*, 221 AD2d 857).

We also find no merit to plaintiff's contention that Supreme Court erred in dismissing the complaint against Tilley. The record reveals that she was out of town at the time that the party was taking place at her residence, that she had not authorized her son to have a party and that she was unaware of its occurrence. Under those circumstances, she had no opportunity to control Babcock's conduct nor was she aware of the necessity therefor, both of which are prerequisites to imposing liability upon a landowner in these circumstances (*see, Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202, 204, *lv denied* 74 NY2d 604).

We similarly find no merit to Bailey's contention that Supreme Court erred in denying his cross motion for summary judgment. Inasmuch as Bailey owed the same duty to plaintiff as did his parents (*see, Lane v Barker*, 241 AD2d 739, 740), we agree with Supreme Court's determination that there is a question of fact as to whether he had the opportunity to control Babcock's conduct and was reasonably aware of the necessity therefor.

Finally, we find no error in Supreme Court's failure to grant summary judgment to John Tilley. While it is true that Supreme Court is empowered to search the record and grant summary judgment in favor of a nonmoving party when appropriate, such is not the case here. Unlike his spouse, John Tilley presented no evidence in testimonial or affidavit form sufficient to justify a summary finding that he was not present at any time during the party, that he was unaware that Bailey was going to host such a party and that he did not give permission for the event. Finally, as to his claim that any negligence on the part of defendants was not the proximate cause of plaintiff's injuries, that clearly is a question of fact for resolution at trial.

Cardona, P. J., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.