■ Carlo Guercia, Respondent, v Steven Carter, Defendant, Brad Lopez, Respondent, and Philip Bellini et al., Appellants. [712 NYS2d 143] —In an action to recover damages for personal injuries, the defendants Philip Bellini, Michael Bellini, and Loretta Bellini appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 8, 1999, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff commenced this action after he was allegedly

assaulted by the defendants Steven Carter and Brad Lopez while attending a party hosted by the then 16-year-old defendant Philip Bellini. The gathering took place at the Syosset home of Philip's parents, the defendants Michael Bellini and Loretta Bellini (hereinafter the Bellinis), while the Bellinis were out of town for the weekend. Before going away, the Bellinis had given their permission for Philip to invite a few "close friends" over to the house in their absence. The Bellinis had also requested that their adult daughter, who no longer lived in Syosset, return home for the weekend in question, which she did. The plaintiff alleges that he was injured as a result of the intoxication of individuals under 21 years of age, who were furnished liquor at the party, and because the Bellinis failed to properly exercise control and supervision over their premises.

There is no evidence that the Bellinis were aware of, or that they had given permission for, the consumption of alcoholic beverages on their premises by underage people. There is also no evidence that Phillip Bellini furnished or procured alcoholic beverages for any of the people who attended his gathering. Moreover, there is no proof that either Carter or Lopez was intoxicated at the time of the alleged assault. Under these circumstances, the Bellini defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as it was based upon General Obligations Law § 11-100 or upon a violation of Alcoholic Beverage Control Law § 65 (*see, Reickert v Misciagna,* 183 AD2d 151; *cf., Rust v Reyer,* 235 AD2d 413, *revd* 91 NY2d 355). The plaintiff's conclusory speculation to the contrary is insufficient to defeat the motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

The plaintiff also failed to demonstrate a cause of action predicated upon common-law negligence since there was no evidence that the Bellini defendants had the opportunity to control the conduct of either Lopez or Carter, or that they were aware of the need to do so. Such elements are "prerequisites to imposing [common-law] liability upon a landowner" in this type of situation (*Demarest v Bailey,* 246 AD2d 772, 773).

Accordingly, the Bellini defendants are entitled to summary judgment. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.