■ WYATT KERN, Appellant, v JAMIE RAY et al., Respondents. [724 NYS2d 457] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated July 10, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The minor plaintiff's injuries were inflicted upon him by three individuals while he was on premises owned by the defendants' parents. The three assailants arrived intoxicated at a party of about 20 to 30 guests, which was hosted by the 17-year-old and 21-year-old defendants, who are sisters. The plaintiff commenced this action alleging that he was injured as a result of the defendants' failure to properly control the guests upon their premises.

It is axiomatic that "[l]andowners * * * have a duty to act in a reasonable manner to prevent harm to those on their property * * * [which includes the] duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85). A landowner may be liable for injuries caused by an intoxicated guest (*see, D'Amico v Christie, supra,* at 85). Here, the defendants were acting as agents of their parents at the time of the plaintiff's injury and owed the plaintiff the same duty to prevent an unreasonable risk of harm as did their parents (*see, Demarest v Bailey,* 246 AD2d 772, 773; *Lane v Barker,* 241 AD2d 739, 740; *Comeau v Lucas,* 90 AD2d 674, 675). Furthermore, the record reveals that the 21-year-old defendant knew that the three assailants were drunk at the time that they entered the house and that one of them was staggering and slurring his words. The 17-year-old defendant knew that the three had a reputation for engaging in fights and she had witnessed such a prior altercation. Under the circumstances of this case, a question of fact exists as to whether the defendants had the opportunity to control the conduct of the assailants and if they were aware of the necessity to do so (*see, Puppo v Spano,* 252 AD2d 548; *Huyler v Rose,* 88 AD2d 755). O'Brien, J. P., Krausman, Schmidt and Crane, JJ., concur.