■ BRUCE K. CROWNINGSHIELD et al., Respondents, v JAMIE PROCTOR, Defendant, and SUSAN M. TYLER, Appellant. [820 NYS2d 330]—

Rose, J. Appeal from that part of an order of the Supreme Court (McGill, J.), entered October 14, 2005 in Clinton County, which partially denied defendant Susan M. Tyler's motion for summary judgment dismissing the complaint against her.

Defendant Susan M. Tyler (hereinafter defendant) hosted a Fourth of July barbeque at her home that began at noon and included a pig roast, swimming, fireworks in the evening and a bonfire. As in past years, she invited family and friends, and children attended with their families. She provided food, but no alcoholic beverages. Her guests brought beverages of their own choice. Late in the evening, while the remaining guests lingered around the bonfire, defendant's brother-in-law, plaintiff Bruce K. Crowningshield (hereinafter plaintiff), and defendant Jamie Proctor, a guest of defendant's boyfriend, exchanged words. When plaintiff suggested that Proctor leave the party, Proctor struck at plaintiff and hit his right eye. Plaintiff lost his eye as a result of the blow, and he and his wife commenced this action against defendant alleging, among other things, common-law negligence. When defendant moved for summary judgment, Supreme Court dismissed all but the common-law negligence claim. Defendant appeals.

Our review of the record discloses no duty on the part of defendant to protect plaintiff from the injury inflicted by Proctor's assault. Where injuries are sustained on another's property at the hands of a third person, the landowner's duty depends upon whether he or she knows or has reason to know from past experience " 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' " (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980], quoting Restatement [Second] of Torts § 344, Comment *f*; *see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *Pizzimenti v Henn*, 16 AD3d 1070, 1072 [2005], *lv denied* 5 NY3d 713 [2005]). Stated another way, landowners have a duty to control third persons only "when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Under the circumstances of this case, the test is whether defendant should have been aware of either the risk of harm to plaintiff or the threat of harm posed by Proctor (*see e.g. id.* at 88-89; *Aminov v East 50th St. Rest. Corp.*, 232 AD2d 592, 593 [1996], *lv denied* 89 NY2d 815 [1997]; *Huyler v Rose*, 88 AD2d 755, 756 [1982], *appeal dismissed* 57 NY2d 777 [1982]). Without the requisite awareness, there is no duty.

Supreme Court found a question of fact as to whether violent conduct by someone had been foreseeable, giving rise to a duty, because some of defendant's guests had been drinking heavily and there had been "several incidents of inappropriate and dangerous conduct by other guests." As authority for its finding, Supreme Court cited *Lane v Barker* (241 AD2d 739 [1997]). That case, however, is not pertinent here because we held only that alcohol consumption by *minors* at a social gathering creates a factual issue of "whether it was foreseeable 'that someone would get drunk at the party, engage in a fight, and cause injury to a third party' " (*id.* at 740, quoting *Comeau v Lucas*, 90 AD2d 674, 675 [1982]; *see Smith v Taylor*, 304 AD2d 902, 904 [2003]). We have not, however, held that alcohol consumption by adults, standing alone, creates such a question. Here, there is no evidence that alcohol was consumed by underage guests, and defendant's duty, if any, must arise from the other circumstances cited by Supreme Court.

Defendant established that she had been unaware of any need to supervise or restrain Proctor because she had observed nothing that led her to believe that he was intoxicated, she knew nothing about him that would lead her to suspect that he might become violent and he had not been involved in any inappropriate or dangerous conduct at the party. This shifted the burden to plaintiffs to show the requisite awareness. Although plaintiffs cite four earlier events in an effort to meet this burden, neither plaintiff nor Proctor were involved in any of them. Unlike in *Ash v Fern* (295 AD2d 869 [2002]), these disparate incidents occurred earlier in the evening and cannot fairly be viewed together as an escalating and protracted confrontation from which defendant could have reasonably anticipated Proctor's assault (*see Stafford v 6 Crannel St.*, 304 AD2d 997, 998 [2003]). Nor were any of these events sufficiently similar to the assault on plaintiff to be considered as evidence that defendant reasonably should have been aware of the need to protect him (*see e.g. Stevens v Kirby*, 86 AD2d 391, 394 [1982]).

Similarly, the circumstances immediately preceding Proctor's assault raise no question regarding defendant's awareness. Defendant testified that while she was conversing with other guests, she saw plaintiff approach Proctor and engage in conversation. There was no yelling or anger, she described their tone of voice as normal and she did not think their conversation was unfriendly. Plaintiff described his interaction with Proctor as "pretty much short and sweet." In reaction to plaintiff's comments, Proctor mocked him. Plaintiff then suggested that Proctor leave the party. Without any threatening words or warn-

ing gestures, Proctor struck him in response. These circumstances were plainly insufficient to make defendant aware of a need to control Proctor, and no factual issue has been raised regarding defendant's duty or opportunity to intervene to protect plaintiff (*see Scalice v King Kullen*, 274 AD2d 426, 426-427 [2000], *lv denied* 95 NY2d 767 [2000]). Accordingly, Supreme Court should have dismissed plaintiffs' common-law negligence claim against defendant.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Susan M. Tyler, by reversing so much thereof as partially denied said defendant's motion; motion granted in its entirety, summary judgment awarded to said defendant and complaint dismissed against her; and, as so modified, affirmed.