■ ANGELA AHLERS, Appellant, et al., Plaintiff, v JOSHUA WILDERMUTH et al., Defendants, and TARA CLEMENTS et al., Respondents. [894 NYS2d 235]—

Garry, J. Appeal from an order of the Supreme Court (Donohue, J.), entered January 30, 2009 in Columbia County, which granted a motion by defendants Tara Clement and Harold Clement for summary judgment dismissing the complaint against them.

During the early morning hours of January 1, 2005, local police, responding to a neighbor's complaint, arrived at a residence owned by defendant Harold Clement in the Town of Copake, Columbia County to break up a loud party.[1] Upon discovering several intoxicated and apparently unconscious individuals inside the residence, the police requested that emergency medical services be dispatched to the scene. Plaintiff Angela Ahlers, a paramedic with the local rescue squad, arrived and found defendant Joshua Wildermuth lying face down in his own vomit. Wildermuth regained consciousness after Ahlers cleared his airway and administered oxygen. As he became more alert, he also became combative, grabbing and twisting Ahlers' arm and repeatedly striking her in the head.

Ahlers and her then-fiancé, derivatively, thereafter commenced this action against, among others, Harold Clement and his then 18-year-old daughter, defendant Tara Clement (hereinafter collectively referred to as defendants), the purported host of the underlying party, alleging various injuries and asserting, insofar as is relevant to this appeal, a common-law negligence claim. Following joinder of issue, defendants moved for summary judgment dismissing the complaint against them. Supreme Court granted defendants' motion and Ahlers appeals.[2]

We affirm. It is well settled that "landowners have a duty to

---

1. Although the caption has not been amended, Harold Clement's last name and that of his daughter, defendant Tara Clement, is misspelled.

2. Plaintiffs did not oppose dismissal of the seventh and ninth causes of action sounding in negligent supervision and loss of consortium, leaving only Ahlers' common-law negligence claim against defendants for Supreme Court's consideration.

control third persons only 'when they have the opportunity to control such persons and are reasonably aware of the need for such control' " (*Crowningshield v Proctor*, 31 AD3d 1001, 1002 [2006], quoting *D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *see Dynas v Nagowski*, 307 AD2d 144, 146 [2003]; *Demarest v Bailey*, 246 AD2d 772, 773 [1998]). Thus, our inquiry distills to whether defendants should have been aware of the risk of harm to Ahlers or the threat of harm posed by Wildermuth. "Without the requisite awareness, there is no duty" (*Crowningshield v Proctor*, 31 AD3d at 1002; *see Guercia v Carter*, 274 AD2d 553, 554 [2000]).

Here, Harold Clement averred that he was out of town at the time the underlying incident occurred, he did not give his daughter permission to have a party or to invite anyone to the house other than three specified female friends he had authorized to attend a sleepover, there was no alcohol present in his house when he and his spouse left, his daughter did not have any history of drug or alcohol abuse and he was unaware of the incident until notified by the police. Similarly, Tara Clement averred that there was no alcohol in the house when her parents left, neither she nor her three invited friends purchased or otherwise brought alcohol into the house that night, her repeated attempts to persuade the numerous uninvited guests, some of whom brought alcohol with them, to leave her parents' house were unsuccessful, she did not invite Wildermuth to the house that night, she did not witness him drinking and, when she did see him, he did not appear to be intoxicated. Tara Clement further averred that she was not present when Wildermuth struck Ahlers, as the police had instructed her to remain in another room while the paramedics worked. Such proof, in our view, is sufficient to discharge defendants' initial burden on their motion for summary judgment dismissing the complaint against them (*see Guercia v Carter*, 274 AD2d at 554; *Demarest v Bailey*, 246 AD2d at 773; *see also Barry v Gorecki*, 38 AD3d 1213, 1215 [2007]).

In opposition, plaintiffs tendered affidavits from Ahlers, Raymond Kennedy, a private investigator hired by plaintiffs, and plaintiffs' counsel, the latter of which Supreme Court properly disregarded as lacking in evidentiary value (*see Daus v Cassavaugh*, 17 AD3d 837, 839 [2005]), in addition to other supporting documentation. We agree with Supreme Court that this proof was insufficient to raise a question of fact as to defendants' alleged negligence. At best, Kennedy's affidavit suggests that Wildermuth had "prior contact with the criminal justice system"—the apparent implication being that he was a

troublemaker, which falls far short of establishing that Wildermuth had a reputation for violence and that Tara Clement was aware of it. Similarly, even accepting that Harold Clement's expressed regret for the underlying incident constitutes an admission, parental remorse does not create a duty where one does not otherwise exist. While the record reveals that a number of individuals, including Wildermuth, arrived at the Clement residence and consumed alcohol—some to the point of requiring medical assistance—neither that fact alone nor the quantity of alcohol and drugs ultimately discovered at the house provides a sufficient basis upon which to impose liability, particularly absent any suggestion that Harold Clement granted his daughter permission to host an unsupervised party (*compare Fantuzzo v Attridge*, 291 AD2d 871, 872 [2002]) or was present when the underage drinking occurred (*compare Lane v Barker*, 241 AD2d 739, 740 [1997]).

Nor is plaintiffs' proof sufficient to raise a question of fact as to whether Tara Clement invited anyone, including Wildermuth, to a party or was on notice that Wildermuth was either intoxicated or posed any particular threat to those around him, or that his actions otherwise needed to be controlled (*see O'Neill v Ithaca Coll.*, 56 AD3d 869, 871-872 [2008]; *compare Fantuzzo v Attridge*, 291 AD2d at 872; *Kern v Ray*, 283 AD2d 402 [2001]). We reach a similar conclusion with regard to the assertion that Tara Clement was acting as her father's agent on the night in question (*see Dynas v Nagowski*, 307 AD2d at 147-148). Accordingly, Supreme Court's order is affirmed.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.