■ Gary Kiely, Jr., et al., Appellants, v Bryan Benini, Defendant, and Grey Lake, Inc., Doing Business as Metro 53, Respondent. [932 NYS2d 181]—

The plaintiffs, brother and sister Gary Kiely, Jr., and Kristy Kiely, commenced this action to recover damages for personal injuries they allegedly sustained during various altercations that took place at the premises owned by the defendant Grey Lake, Inc., doing business as Metro 53 (hereinafter Metro 53). Metro 53 moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, among other things, granted those branches of Metro 53's motion which were for summary judgment dismissing the causes of action to recover damages for personal injuries premised on common-law negligence insofar as asserted against it and to recover damages for personal injuries to Kristy premised on a violation of the General Obligations Law § 11-101. The plaintiffs appeal. We affirm the order insofar as appealed from.

The Supreme Court properly granted that branch of Metro 53's motion which was for summary judgment dismissing the causes of action to recover damages for personal injuries allegedly sustained by both of the plaintiffs premised on common-law negligence insofar as asserted against it. "Although a property owner must act in a reasonable manner to prevent harm to those on its premises, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control. Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009] [citations omitted]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 861 [2007]; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Cutrone*

*v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]). Metro 53 made a prima facie showing of its entitlement to judgment as a matter of law as to the alleged assaults on the plaintiffs occurring inside Metro 53. The plaintiffs' deposition testimony revealed that these alleged assaults were sudden and unexpected events that Metro 53 could not have reasonably anticipated or prevented. Thus, Metro 53 cannot be subject to common-law liability for injuries sustained by the plaintiffs while they were inside Metro 53's premises (*see Katekis v Naut, Inc.*, 60 AD3d 817, 818 [2009]; *Petras v Saci, Inc.*, 18 AD3d at 848; *see also Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861). Moreover, based on Gary's deposition testimony that he did not sustain any new injuries as a result of an alleged assault occurring outside Metro 53, Metro 53 made a prima facie showing of entitlement to judgment as a matter of law in connection with the alleged assault on Gary occurring outside Metro 53 (*see generally Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]). In opposition to Metro 53's prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The Supreme Court also properly granted that branch of Metro 53's motion which was for summary judgment dismissing the cause of action to recover damages for personal injuries to Kristy premised on a violation of the General Obligations Law § 11-101. The plaintiffs failed to raise a triable issue of fact in opposition to Metro 53's prima facie showing that no reasonable or practical connection existed between the allegedly illegal sale of alcohol and Kristy's injuries (*see Kaufman v Quickway, Inc.*, 14 NY3d 907, 909 [2010]; *Dugan v Olson*, 74 AD3d 1131, 1133 [2010]). Skelos, J.P., Hall, Lott and Roman, JJ., concur.