# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**348**
**CA 11-01610**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

VICTORIA J. CANNON AND MICHAEL CANNON,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

TINA M. GIORDANO, ET AL., DEFENDANTS,
LARRY SNYDER, PAM SNYDER AND LESLIE SNYDER,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (THOMAS P.
CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered May 6, 2011 in a personal injury action. The order granted the motion of defendants Larry Snyder, Pam Snyder and Leslie Snyder for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Victoria J. Cannon (plaintiff) when she was hit in the face with a beer bottle thrown by defendant Tina M. Giordano, an allegedly intoxicated 20 year old, at a bar. Several hours prior to the incident, Giordano attended a party hosted by defendants Larry Snyder, Pam Snyder and Leslie Snyder (Snyder defendants) at a restaurant in the same area. We reject plaintiffs' contention that Supreme Court erred in granting the Snyder defendants' motion for summary judgment dismissing the General Obligations Law § 11-100 cause of action against them. Inasmuch as plaintiffs do not challenge that part of the order granting the Snyder defendants' motion for summary judgment dismissing the negligence cause of action against them, we conclude that plaintiffs have abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

The record establishes that defendants Larry and Pam Snyder purchased two or three pitchers of beer for the party to celebrate Leslie Snyder's 21st birthday and that the beer was placed on a table where guests could help themselves. Giordano was the only person under the age of 21 who attended the party. Larry Snyder testified at

his deposition that he never observed Giordano at the party.  Although Pam and Leslie Snyder testified at their depositions that they knew Giordano was present at the party and was under the age of 21, neither of them observed Giordano drinking beer at any time during the party. Moreover, a waitress was assigned to the party and Pam Snyder testified that she believed that the waitress would regulate access to the beer.  Also, Leslie Snyder testified that she believed the restaurant was responsible for checking identification of the guests. Giordano testified at her deposition that she helped herself to "a beer or two" during the party, and that she thereafter had several drinks in the bar area of the same restaurant before proceeding to the bar where she threw the beer bottle that injured plaintiff.

Based on the record before us, we conclude that the Snyder defendants were entitled to summary judgment dismissing the General Obligations Law § 11-100 cause of action against them.  Contrary to plaintiffs' contention, the court applied the proper standard in determining that the Snyder defendants did not unlawfully furnish alcohol to Giordano within the meaning of section 11-100 (1) by considering whether they "were part of a deliberate plan to provide alcohol or played an indispensable role in a scheme to make alcohol available to" Giordano (*see Rust v Reyer*, 91 NY2d 355, 360-361). Inasmuch as the evidence presented by the Snyder defendants in support of the motion established that they never "deliberate[ly] plan[ned] to provide, supply or give alcohol to" Giordano (*id.* at 360), we conclude that they did not unlawfully furnish alcohol to her.  We further conclude that the Snyder defendants did not "unlawfully assist[ ] in procuring alcoholic beverages for" Giordano (§ 11-100 [1]).  The record establishes that Leslie Snyder played no role in procuring beer and that, although Larry and Pam Snyder purchased beer for the party, they did not do so for Giordano.  Moreover, given that the Snyder defendants were unaware that Giordano drank beer at the party, they did not "knowingly cause[ her] intoxication or impairment of ability" pursuant to General Obligations Law § 11-100 (1) (*see Lombart v Chambery*, 19 AD3d 1110, 1111; *Dodge v Victory Mkts.*, 199 AD2d 917, 920-921).  Finally, plaintiffs failed to raise a triable issue of fact with respect to the section 11-100 (1) cause of action against the Snyder defendants (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 23, 2012                     Frances E. Cafarell
                                             Clerk of the Court