On the evening of March 10, 2006, the defendant hosted a party for her daughter’s 21st birthday at the defendant’s house in Yaphank. The plaintiff Lee Daly (hereinafter Lee) and his brother, the plaintiff Nicholas Daly (hereinafter Nicholas), were not invited to the party but accompanied an invited guest, the nonparty David Cholten, to the house. Shortly after arriving at the party, Lee encountered the nonparty Gary J. Whitbeck in the basement of the house. Several months before the party, a physical altercation had occurred involving Cholten, Whitbeck, and Lee. Lee went upstairs to inform Cholten that Whitbeck was at the party. Whitbeck and his friends followed Lee upstairs, and a verbal exchange with raised voices between Lee, Cholten, and Whitbeck began. Upon hearing the exchange, the defendant told everyone to leave the house. Whitbeck and his friends left the house first, while the plaintiffs and their friends remained inside. Shortly thereafter, Nicholas left the house to get the plaintiffs’ car. He was approached by a group of individuals who allegedly threatened him. Lee came out of the house to assist Nicholas, and as Lee was walking toward Nicholas, Whitbeck approached Lee from behind and hit him on the side of the head with a bottle.
The plaintiffs commenced this action to recover damages for personal injuries, alleging common-law negligence. The Supreme Court denied the defendant’s motion for summary judgment dismissing the complaint, concluding that the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law and that triable issues of fact remained regarding the incident. The defendant appeals.
A property owner has a duty to act in a reasonable manner to prevent harm to those on his or her premises, which includes a duty to control the conduct of persons on his or her premises *932 when he or she has the opportunity to control such conduct, and is reasonably aware of the need to do so (see D’Amico v Christie, 71 NY2d 76, 85 [1987]; Nelson v Neng, 297 AD2d 313 [2002]; Kern v Ray, 283 AD2d 402 [2001]; Guercia v Carter, 274 AD2d 553 [2000]).
Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, her own affidavit and an executed transcript of Lee’s deposition. These submissions demonstrate that the defendant was unaware that the plaintiff, Lee, and Whitbeck had engaged in a physical altercation prior to the night of the subject incident, or that Whitbeck had been drinking or intoxicated on the night of the incident. The defendant, upon hearing these individuals argue, asked them to leave the house. It is uncontested that Whitbeck and his group left the house, while the plaintiffs were permitted to remain inside until they deemed it safe to leave. The defendant also called the 911 emergency telephone number in a further effort to defuse the situation. The assault happened suddenly when Lee exited the house, while the defendant remained inside. Based on these uncontested facts, the defendant met her prima facie burden by demonstrating that she did not have the opportunity or the ability to control the conduct of Whitbeck (see Afanador v Coney Bath, LLC, 91 AD3d 683, 684 [2012]; Kiely v Benini, 89 AD3d 807, 809 [2011]; Nelson v Neng, 297 AD2d 313 [2002]; Kern v Ray, 283 AD2d 402 [2001]; Guercia v Carter, 274 AD2d 553 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.