In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-100, (1) the defendant Mu Chapter of Sigma Pi Fraternity International appeals from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 22, 2011, as denied that branch of the motion of the defendants Mu Chapter of Sigma Pi Fraternity of United States, Inc., and Mu Chapter of Sigma Pi Fraternity International which was for summary judgment dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against the defendant Mu Chapter of Sigma Pi Fraternity International, and the plaintiff cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same order as granted that branch of the motion of the defendants Mu Chapter of Sigma Pi Fraternity of United States, Inc., and Mu Chapter of Sigma Pi Fraternity Interna *842 tional which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against the defendant Mu Chapter of Sigma Pi Fraternity International, (2) the defendant Mu Chapter of Sigma Pi Fraternity International appeals, as limited by its brief, from so much of an interlocutory judgment of the same court (Silber, J.), dated November 28, 2011, as, upon a jury verdict on the issue of liability finding it 35% at fault in the happening of the incident underlying this action, is in favor of the plaintiff and against it on the issue of liability on the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against it, and (3) the defendant Mu Chapter of Sigma Pi Fraternity International appeals from so much of an order of the same court (Silber, J.), dated January 24, 2012, as denied its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, which had been made at the close of evidence, and that branch of its separate motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability on the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against it.
Ordered that the order dated August 22, 2011, is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Mu Chapter of Sigma Pi Fraternity of United States, Inc., and Mu Chapter of Sigma Pi Fraternity International which was for summary judgment dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against the defendant Mu Chapter of Sigma Pi Fraternity International is granted, and the interlocutory judgment and the order dated January 24, 2012, are vacated; and it is further,
Ordered that the order dated August 22, 2011, is affirmed insofar as cross-appealed from; and it is further,
Ordered that the appeals from the interlocutory judgment and the order dated January 24, 2012, are dismissed as academic in light of our determination on the appeal from the order dated August 22, 2011 (see Morton v State of New York, 13 AD3d 498, 499 [2004]); and it is further,
Ordered that one bill of costs is awarded to the defendant Mu Chapter of the Sigma Pi Fraternity International.
On the evening on February 17, 2006, the defendant Nathan Poffenbarger, a Cornell University student who was then 20 years of age, drank approximately 12 to 15 shots of liquor in his dormitory. Poffenbarger testified at his deposition that he then *843 left the dormitory, that he felt intoxicated when he left the dormitory, and that, accompanied by his friend, Jennifer Malvica, he followed a group of people to the nearby Sigma Pi Fraternity house (hereinafter the fraternity house), where the fraternity was hosting a party. Alcoholic beverages were served at the party. Poffenbarger was allowed to enter the fraternity house, and “seemed to remember” drinking a beer there, although he could not definitely recall that he did so. In both a recorded interview and an affirmed statement to the Cornell University Police Department, Malvica stated that another resident of Poffenbarger’s dormitory, a man named Alexi, who was not a member of the Sigma Pi Fraternity, gave a beer to Poffenbarger at the fraternity house, but that she took that beer from Poffenbarger and started to drink it herself “so he wouldn’t have to drink it.” Later, Poffenbarger was physically removed from the house after he was involved in a verbal altercation with someone who was associated with the fraternity.
Outside of the fraternity house, Poffenbarger continued his verbal altercation with members of the fraternity and other “kids” in the vicinity who, in turn, retaliated both verbally and physically. At that time, the plaintiff, Charles Holiday, accompanied by Sean Washington and Matthew Fowles, was walking by, and heard the yelling. Upon hearing Poffenbarger make an extremely offensive comment of a racial nature, the plaintiff, Washington, and Fowles crossed the street and went to the point on the street where Poffenbarger was located. A heated verbal exchange ensued among Poffenbarger, the plaintiff, Washington, and Fowles. Poffenbarger and Malvica moved some distance away from the location of the exchange. The plaintiff, Washington, and Fowles followed, and the plaintiff continued to scream at and argue with Poffenbarger. Ultimately, Poffenbarger stabbed the plaintiff with a knife, injuring him.
The plaintiff commenced this action to recover damages against, among others, the defendants Mu Chapter of Sigma Pi Fraternity International (hereinafter SPFI) and Mu Chapter of Sigma Pi Fraternity of United States, Inc. (hereinafter together the Sigma Pi defendants). In an order dated August 22, 2011, the Supreme Court, inter alia, denied that branch of the Sigma Pi defendants’ motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against SPFI, and granted that branch of the Sigma Pi defendants’ motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against SPFI. Thereafter, at the close of evidence at a jury trial on the issue of *844 liability, SPFI moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and thereby sought to dismiss the General Obligations Law § 11-100 cause of action insofar as asserted against it. The Supreme Court reserved decision on that motion. The jury rendered a verdict finding SPFI 35% at fault in the happening of the incident. SPFI then separately moved, among other things, pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability on the cause of action pursuant to General Obligations Law § 11-100 insofar as asserted against it. While both the motion pursuant to CPLR 4401 and the separate motion pursuant to CPLR 4404 (a) were pending, the Supreme Court, upon the jury verdict on the issue of liability, entered an interlocutory judgment in favor of the plaintiff and against SPFI on the issue of liability on the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against it. In an order dated January 24, 2012, the Supreme Court, inter alia, denied SPFI’s motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, which had been made at the close of evidence, and that branch of SPFI’s separate motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability on the cause of action pursuant to General Obligations Law § 11-100 insofar as asserted against it.
The Supreme Court properly granted that branch of the Sigma Pi defendants’ motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against SPFI. A defendant may be liable for injuries caused by an intoxicated guest that occurred on the defendant’s property, or in an area under the defendant’s control, where the defendant had the opportunity to control the intoxicated guest and was reasonably aware of the need for such control (see D’Amico v Christie, 71 NY2d 76, 85 [1987]). Here, the Sigma Pi defendants established their prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against SPFI by showing that the plaintiffs injuries occurred in an area not under SPFI’s control and, thus, that SPFI had no duty to supervise or control Poffenbarger’s conduct in that area (see Walters v Sternlieb, 255 AD2d 309, 310 [1998]; White v Celebrity Lounge, 215 AD2d 650 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court erred in denying that branch of the Sigma Pi defendants’ motion which was for summary judg *845 ment dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against SPFI.
General Obligations Law § 11-100 (1) provides: “Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of twenty-one years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of twenty-one years.” “[Liability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage” (Sherman v Robinson, 80 NY2d 483, 487-488 [1992] [emphasis added]).
Here, the Sigma Pi defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against SPFI. Specifically, the Sigma Pi defendants established, through the submission of Poffenbarger’s deposition testimony describing the nature and extent of his alcohol consumption prior to his visit to the fraternity house, and Malvica’s statements that no one affiliated with the Sigma Pi defendants provided Poffenbarger with alcohol and that she intervened before Poffenbarger could drink the one beer provided to him by a person unaffiliated with those defendants, that SPFI did not knowingly cause Poffenbarger’s intoxication or impairment of ability (see Rust v Reyer, 91 NY2d 355, 360-361 [1998]; Sherman v Robinson, 80 NY2d 483 [1992]; Cannon v Giordano, 93 AD3d 1329, 1330 [2012]; Murphy v Chaos, 26 AD3d 231 [2006]; Dalrymple v Southland Corp., 202 AD2d 548 [1994]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether SPFI knowingly caused Poffenbarger’s intoxication. Accordingly, the Supreme Court should have granted that branch of the Sigma Pi defendants’ motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Obligations Law § 11-100 insofar as asserted against SPFI.
Since summary judgment dismissing the complaint in its entirety should have been awarded to the Sigma Pi defendants, we *846 vacate the interlocutory judgment and the order dated June 24, 2012. SPFI’s remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Balkin, Dickerson and Cohen, JJ, concur.