■ BRANDEN COLON, Appellant, v RICHARD N. POHL et al., Respondents. [995 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 1, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence per se.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a college student, allegedly was assaulted by three unidentified individuals as he was leaving a party hosted by 18-year-old Angelica Pohl at her home. He subsequently commenced this action against Angelica Pohl and her father, Richard N. Pohl, to recover damages for the injuries he allegedly sustained as a result of the assault. The defendants moved for summary judgment dismissing the complaint. The plaintiff appeals from so much of an order of the Supreme Court as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, granted that branch of the same motion which was for summary judgment dismissing the cause of action alleging negligence per se pursuant to Code of Suffolk County § 294-8 (hereinafter the Suffolk County Social Host Law).

Under a theory of common-law negligence, a landowner may have responsibility for injuries caused by an intoxicated guest (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]), although liability may be imposed only for injuries that occurred on a defendant's property, or in an area under the defendant's control, where the defendant had the opportunity to supervise the intoxicated guest and was reasonably aware of the need for such control (*see id.* at 85; *Holiday v Poffenbarger*, 110 AD3d 841, 844 [2013]). "Without the requisite awareness [of the risk or threat] there is no duty" (*Crowningshield v Proctor*, 31 AD3d 1001, 1002 [2006]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence through the deposition testimony of the parties and nonparty witnesses (*see Kiely v Benini*, 89 AD3d 807, 809 [2011]; *Katekis v Naut, Inc.*, 60 AD3d 817, 818 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Kiely v Benini*, 89 AD3d at 809; *Katekis v Naut, Inc.*, 60 AD3d at 818; *see also Ahlers v Wildermuth*, 70 AD3d 1154 [2010]). Thus, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence (*see Ahlers v Wildermuth*, 70 AD3d at 1154; *Guercia v Carter*, 274 AD2d 553 [2000]).

The plaintiff's contentions regarding the cause of action alleging negligence per se pursuant to the Suffolk County Social Host Law also are without merit (*see Sheehy v Big Flats Community Day*, 73 NY2d 629 [1989]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.