■ KYLE HEYMAN, Respondent, v RAPHAEL HAROONI, Respondent, and DAVID EMRANI et al., Appellants. [18 NYS3d 699]—

In an action, inter alia, to recover damages for personal

injuries, the defendants David Emrani and Roya Emrani appeal from an order of the Supreme Court, Nassau County (Brown, J.), dated August 11, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent and the defendant-respondent, and the motion of the defendants David Emrani and Roya Emrani for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On August 7, 2010, the plaintiff allegedly was assaulted by the defendant Raphael Harooni while attending a party hosted by the then-18-year-old nonparty Monica Emrani. The party took place at the Kings Point home where Monica resided with her parents, the defendants David Emrani and Roya Emrani (hereinafter together the appellants), while the appellants were out of town for the weekend. In August 2011, the plaintiff commenced this action against the appellants and Harooni, alleging, inter alia, common-law negligence, negligence per se pursuant to title 64 of the Miscellaneous Laws of Nassau County, as added by Local Law No. 13-2007 (hereinafter the Nassau County Social Host Law), and a violation of General Obligations Law § 11-100. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Under a theory of common-law negligence, a landowner may have responsibility for injuries caused by an intoxicated guest (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Colon v Pohl*, 121 AD3d 933 [2014]), although liability may be imposed only for injuries that occurred on a defendant's property, or in an area under the defendant's control, where the defendant had the opportunity to supervise the intoxicated guest and was reasonably aware of the need for such control (*see D'Amico v Christie*, 71 NY2d at 85; *Colon v Pohl*, 121 AD3d at 933; *Holiday v Poffenbarger*, 110 AD3d 841, 844 [2013]; *Ahlers v Wildermuth*, 70 AD3d 1154 [2010]). "Without the requisite awareness [of the risk or threat], there is no duty" (*Crowningshield v Proctor*, 31 AD3d 1001, 1002 [2006]; *see Colon v Pohl*, 121 AD3d at 933; *Ahlers v Wildermuth*, 70 AD3d at 1154).

Here, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence insofar as asserted against them. The evidence submitted in support of the appellants' motion demonstrated that they were out of town when

the party took place at their home, that they had not authorized their daughter Monica to have a party, and that they were unaware of its occurrence. Moreover, the evidence demonstrated that they had no knowledge that, prior to the subject party, their daughter had thrown any parties while they were out of town at which individuals under the age of 21 were drinking alcohol. Thus, the appellants had no opportunity to control Harooni's conduct, nor were they aware of the necessity therefor, both of which are prerequisites to imposing liability upon a landowner in these circumstances (*see Demarest v Bailey*, 246 AD2d 772 [1998]; *see also Ahlers v Wildermuth*, 70 AD3d at 1154; *Guercia v Carter*, 274 AD2d 553 [2000]). The papers submitted in opposition failed to raise a triable issue of fact. Thus, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them.

In support of their motion, the appellants also established, prima facie, that the cause of action alleging negligence per se pursuant to the Nassau County Social Host Law could not be maintained against them since that law does not provide the plaintiff with a private right of action sounding in negligence (*see Sheehy v Big Flats Community Day*, 73 NY2d 629 [1989]; *see also Colon v Pohl*, 121 AD3d at 934). The opposition papers failed to raise a triable issue of fact in this regard.

Finally, the appellants established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them (*see Guercia v Carter*, 274 AD2d 553 [2000]), and the opposition papers failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.