■ Kenneth Salgado, Appellant, v Donald Paccio et al., Respondents, et al., Defendant. [52 NYS3d 875]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered September 8, 2015, which granted the motion of the defendants Donald Paccio and

Amy Paccio for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was assaulted by the defendant Peter Rello while the plaintiff was sitting in a vehicle that was parked in the street outside the home of the defendants Donald Paccio and Amy Paccio (hereinafter together the defendants). Rello had been attending a party at the defendants' home, which was hosted by the defendants' 16-year-old son. The plaintiff commenced this action against the defendants and Rello, alleging, inter alia, common-law negligence and a violation of General Obligations Law § 11-100. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Under a theory of common-law negligence, a landowner may be held responsible for injuries caused by an intoxicated guest (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Colon v Pohl*, 121 AD3d 933 [2014]), although liability may be imposed only for injuries that occurred on the landowner's property, or in an area under the landowner's control, where the landowner had the opportunity to supervise the intoxicated guest and was reasonably aware of the need for such control (*see D'Amico v Christie*, 71 NY2d at 85; *Colon v Pohl*, 121 AD3d at 933; *Holiday v Poffenbarger*, 110 AD3d 841, 844 [2013]; *Ahlers v Wildermuth*, 70 AD3d 1154 [2010]). "Without the requisite awareness, there is no duty" (*Crowningshield v Proctor*, 31 AD3d 1001, 1002 [2006]; *see Colon v Pohl*, 121 AD3d at 933; *Ahlers v Wildermuth*, 70 AD3d at 1154; *Guercia v Carter*, 274 AD2d 553, 554 [2000]; *Demarest v Bailey*, 246 AD2d 772, 773 [1998]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence insofar as asserted against them by submitting their deposition testimony, which established that they had not observed Rello in an intoxicated condition, that they had no opportunity to control Rello's conduct at the time he assaulted the plaintiff, and that they were not aware of the need for such control (*see Heyman v Harooni*, 132 AD3d 950, 952 [2015]; *Ahlers v Wildermuth*, 70 AD3d at 1154; *Guercia v Carter*, 274 AD2d at 554; *Demarest v Bailey*, 246 AD2d at 773). The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them. Their deposition testimony established that neither of the defendants provided alcoholic beverages, nor helped to procure alcoholic

beverages, for the minors who were present at their residence on June 17, 2010 (*see Heyman v Harooni*, 132 AD3d at 952; *Guercia v Carter*, 274 AD2d at 554). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.