██ DARICK LATHERS, Respondent, v RICHARD DENERO et al., Appellants. (Action No. 1.) RYAN CARROLL, Respondent, v RICHARD DENERO et al., Appellants. (Action No. 2.) [63 NYS3d 147]—

Lynch, J. Appeal from an order of the Supreme Court (Catena, J.), entered February 26, 2016 in Montgomery County, which denied defendants' motion for summary judgment dismissing the complaints.

On June 23, 2010, plaintiffs were both allegedly assaulted by other guests at a party hosted by defendants' 18-year-old son. The party took place on a vacant 24-acre tract of land owned by defendants and situate about three miles from their residence. Plaintiffs commenced separate actions against defendants asserting causes of action based on common-law negligence. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaints. Supreme Court denied defendants' motion and defendants appeal.

We affirm. Where, as here, a guest is injured by a third party, the landowner may be held responsible only when the landowner has "the opportunity to control [the third party] and [is] reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). "Without the requisite awareness, there is no duty" (*Crowningshield v Proctor*, 31 AD3d 1001, 1002 [2006]; *see Ahlers v Wildermuth*, 70 AD3d 1154, 1155-1156 [2010]; *Demarest v Bailey*, 246 AD2d 772, 773 [1998]). The record shows that defendants had prohibited their son from hosting parties on the property and were not present at the party. Defendants testified that they did not learn about the party until November 2010. Their son testified that he did not inform his parents about the party, but rather assured them that he would not have a party on the property. There is, however, record evidence indicating that defendants were either aware or should have been aware that the party, which was attended by upwards of 80 underaged guests consuming alcohol, was being held.

The property was purchased in April 2010, and defendants' son testified that he held between 5 and 10 parties at the site by June 23, 2010. The son explained that guests were invited by word of mouth and through social media. Defendant Richard Denero (hereinafter Denero) acknowledged that he suspected prior to June 23, 2010 that his son might be hosting parties. He also candidly testified that he and his wife, defendant Jeannie Denero, did not trust their son's representation that he would not host parties and put a tracking device on his phone. Denero also confirmed that he inspected the site prior to June 23, 2010 and saw evidence of a bonfire—a finding prompting defendants to be more vigilant of their son's whereabouts. Significantly, Jeannie Denero's sister telephoned defendants to advise them that she learned on Facebook that there was going to be a party on the property. Denero informed the son and reiterated that he did not want anyone on the property. The son responded that he understood, but Denero acknowledged that he did not trust the response. Although Denero was uncertain as to whether this call came before June 23, 2010, viewed in a light most favorable to plaintiffs, the nonmoving parties, we consider this evidence sufficient to raise a question of fact as to whether defendants were aware or should have been aware that a party would take place and "whether it was foreseeable 'that someone would get drunk at the party, engage in a fight, and cause injury to a third party'" (*Lane v Barker*, 241 AD2d 739, 740 [1997], quoting *Comeau v Lucas*, 90 AD2d 674, 675 [1982]; *see Smith v Taylor*, 304 AD2d 902, 904 [2003]). Accordingly, we affirm Supreme Court's order.

Garry, J.P., Egan Jr., Aarons and Pritzker, JJ., concur.
Ordered that the order is affirmed, with costs.