Filc v 221 Someplace Else, Ltd. (2023 NY Slip Op 04751)

Filc v 221 Someplace Else, Ltd.

2023 NY Slip Op 04751

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-03651
 (Index No. 521327/17)

[*1]Elzbieta Filc, etc., respondent, 7
v
221 Someplace Else, Ltd., doing business as Catch 22, appellant, et al., defendants (and a third-party action).

Gallo Vitucci Klar LLP, New York, NY (Sean Hutchinson and Carey Nosowitz of counsel), for appellant.
The Mead Law Firm, P.C., Brooklyn, NY (Wesley Mead of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant 7221 Someplace Else, Ltd., doing business as Catch 22, appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 12, 2021. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant 7221 Someplace Else, Ltd., doing business as Catch 22, which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant 7221 Someplace Else, Ltd., doing business as Catch 22.
The plaintiff, as administrator of the estate of Wiktoria Filc (hereinafter the decedent), commenced this action against, among others, the defendant 7221 Someplace Else, Ltd., doing business as Catch 22 (hereinafter Catch 22), inter alia, to recover damages for the wrongful death of the decedent arising out of a motor vehicle accident in which the decedent, a passenger, died after being ejected from a vehicle that was driven by Joseph Auteri. The plaintiff asserted causes of action against Catch 22 alleging common-law negligence and violations of the Dram Shop Act (General Obligations Law §§ 11-100, 11-101) based on allegations that, among other things, Catch 22 illegally served alcohol to Auteri, who was under the age of 21, prior to the accident. Subsequently, Catch [*2]22 moved for summary judgment dismissing the amended complaint insofar as asserted against it. By order dated April 12, 2021, the Supreme Court denied the motion. Catch 22 appeals.
General Obligations Law § 11-101(1), provides that "[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication." "In 1983, the Legislature supplemented the Dram Shop Act by adding General Obligations Law § 11-100, which applies to any provider unlawfully furnishing alcoholic beverages for minors" (Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d 1142, 1143; see Heins v Vanbourgondien, 180 AD3d 1019, 1024). "'[L]iability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage'" (Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d at 1143, quoting Sherman v Robinson, 80 NY2d 483, 487-488; see Heins v Vanbourgondien, 180 AD3d at 1024; Holiday v Poffenbarger, 110 AD3d 841, 845). "'To establish a cause of action under [General Obligations Law § 11-101], a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages'" (Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137, quoting Pinilla v City of New York, 136 AD3d 774, 776-777; see General Obligations Law § 11-101[1]; Alcoholic Beverage Control Law § 65[2]; Soler v Jaccarino, 189 AD3d 1106, 1107).
Here, Catch 22 failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of General Obligations Law §§ 11-100 and 11-101 insofar as asserted against it (cf. Soler v Jaccarino, 189 AD3d at 1107; Guercia v Carter, 274 AD2d 553). Accordingly, the Supreme Court properly denied those branches of Catch 22's motion which were for summary judgment dismissing those causes of action insofar as asserted against it, without regard to the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nonetheless, the Supreme Court should have granted that branch of Catch 22's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. Under a theory of common-law negligence, a landowner may be responsible for injuries caused by an intoxicated guest (see D'Amico v Christie, 71 NY2d 76, 85; Colon v Pohl, 121 AD3d 933). However, liability may be imposed only for injuries that occurred on a defendant's property, or in an area under the defendant's control, where the defendant had the opportunity to supervise the intoxicated guest and was reasonably aware of the need for such control (see D'Amico v Christie, 71 NY2d at 85; Colon v Pohl, 121 AD3d at 933). There is no dispute that the motor vehicle accident at issue occurred on a public roadway hours after the decedent and Auteri had left the area that was under the supervision and control of Catch 22, and thus, Catch 22 established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence insofar as asserted against it (see D'Amico v Christie, 71 NY2d at 85; Donato v McLaughlin, 195 AD2d 685, 688). In opposition, the plaintiff failed to raise a triable issue of fact.
Catch 22's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court