Kehoe v Aiello (2026 NY Slip Op 01042)

Kehoe v Aiello

2026 NY Slip Op 01042

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-10764
 (Index No. 609250/21)

[*1]Brendan Kehoe, appellant, 
vJon J. Aiello, et al., respondents, et al., defendants.

Miller, Eisenman & Kanuck, LLP, New York, NY (Michael P. Eisenman and Jonathan M. Kanuck of counsel), for appellant.
Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated September 4, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Jon J. Aiello and Joy Marie Aiello which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was attending a party held at the home of the defendants Jon J. Aiello and Joy Marie Aiello (hereinafter together the Aiello defendants) when a fight broke out between two guests—the defendant Matthew Yablon, who was 22 years old, and 19-year-old Brian Minogue. During the course of that fight, the plaintiff allegedly was injured when he was punched in the face by Yablon. The plaintiff commenced this action against, among others, the Aiello defendants, inter alia, to recover damages for personal injuries. After the completion of discovery, the Aiello defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. By order dated September 4, 2024, the Supreme Court, inter alia, granted that branch of the Aiello defendants' motion. The plaintiff appeals.
"Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property," including "to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85; see Covelli v Silver Fist, Ltd., 167 AD3d 980). However, "a landowner is not an insurer of a visitor's safety, and has no duty to protect visitors against unforeseeable and unexpected assaults" (Covelli v Silver Fist, Ltd., 167 AD3d at 981).
Here, the Aiello defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The Aiello defendants demonstrated, prima facie, that the altercation during which the plaintiff was injured was a sudden and unforeseeable event, that they had no opportunity to control Yablon's conduct at the time he struck the plaintiff, and that they were not aware of the need for such control (see id.; Salgado v [*2]Paccio, 150 AD3d 1293, 1294; Daly v Finley, 101 AD3d 931, 932). The Aiello defendants additionally demonstrated that they did not violate General Obligations Law § 11-100, as Yablon, the person who allegedly injured the plaintiff by punching him, was over the age of 21 years (see id. § 11-100[1]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the Aiello defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court