■ CHRISTOPHER GRECO, Respondent, v THOMAS BEGLEY et al., Respondents, and DUBLIN PUB, INC., Appellant. (Action No. 1.) KELLIE M. HOWARD et al., Plaintiffs, v THOMAS BEGLEY et al., Defendants. (Action No. 2.) STEVE RUHS, Plaintiff, v KELLIE M. HOWARD et al., Defendants. (Action No. 3.) LAURA KELLY, Respondent, v THOMAS BEGLEY et al., Respondents, and DUBLIN PUB, INC., Appellant. (Action No. 4.) [772 NYS2d 367]—

In four related actions to recover damages for personal injuries, etc., Dublin Pub, Inc., a defendant in Action Nos. 1 and 4, appeals from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated November 13, 2002, as denied its motion for summary judgment dismissing the complaints in those actions and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaints in Action Nos. 1 and 4 and all cross claims insofar as asserted against the appellant are dismissed, and those actions are severed against the remaining defendants.

The appellant, Dublin Pub, Inc., made a prima facie showing of entitlement to judgment as a matter of law in these Dram Shop actions (see General Obligations Law § 11-101). It proffered evidence to show that Kellie Howard, an almost 20-year-old customer to whom it sold beer, was neither impaired nor intoxicated when she left its establishment, and even if she were, that her purported condition was not reasonably or practically connected with a two-car accident in which she was involved only minutes after she drove away from the appellant's premises (see Gaige v Kepler, 303 AD2d 626, 628 [2003]; Basile v Francino, 253 AD2d 779 [1998]). In opposition to the appellant's motion, the respondents failed to raise a triable issue of fact connecting Howard's alleged impairment to the intersection accident in which a police officer at the scene who observed the other vehicle before the accident estimated its speed to have been 100 mph (Gaige v Kepler, supra; Basile v Francino, supra). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.