■ JONATHAN TAVAREZ, Respondent, v SIDETRACKS, LLC, et al., Appellants, et al., Defendant. [9 NYS3d 368]—

In an action, inter alia, to recover damages for personal injuries, the defendants Sidetracks, LLC, and Sunnyside Queens Restaurant Corp., appeal from an order of the Supreme Court, Queens County (Hart, J.), dated September 3, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Sidetracks, LLC, and Sunnyside Queens Restaurant Corp., which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

"Although a property owner must act in a reasonable manner to prevent harm to those on its premises, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control. Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill,* 65 AD3d 1190, 1192 [2009] [citations omitted]; *see Rishty v DOM, Inc.,* 67 AD3d 662, 663 [2009]).

Here, the Supreme Court properly denied that branch of the motion of the defendants Sidetracks, LLC, and Sunnyside Queens Restaurant Corp. (hereinafter together the appellants) which was for summary judgment dismissing the cause of action alleging common-law negligence. The appellants failed to eliminate all triable issues of fact as to whether they owed a duty to the plaintiff. Specifically, there are triable issues of fact as to where the incident took place and whether the assault by a patron of the appellants' establishment was unforeseeable and unexpected (*see Rishty v DOM, Inc.,* 67 AD3d at 663;

*Panzera v Johnny's II*, 253 AD2d 864, 865 [1998]; *cf. Kiely v Benini*, 89 AD3d 807, 809 [2011]).

However, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101. The appellants established, prima facie, that no reasonable or practical connection existed between any allegedly illegal sale of alcohol and the plaintiff's injuries (*see Kiely v Benini*, 89 AD3d at 809). In opposition, the plaintiff failed to raise a triable issue of fact (*see id.*). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.