Soler v Jaccarino (2020 NY Slip Op 07416)





Soler v Jaccarino


2020 NY Slip Op 07416


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-01134
 (Index No. 16031/13)

[*1]Teresa Soler, appellant, 
v
Michael Jaccarino, et al., defendants, Irish American Pub & Restaurant, et al., respondents.


Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Nolen and Nicholas Hurzeler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Bailey-Schiffman, J.), dated December 12, 2017. The order granted the motion of the defendants Irish American Pub & Restaurant, 17 John Street Associates, LLC, and Bigtom, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's application to impose sanctions against those defendants for spoliation of evidence.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application to impose sanctions against the defendants Irish American Pub & Restaurant, 17 John Street Associates, LLC, and Bigtom, Inc., for spoliation of evidence is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on November 10, 2012, while working as an Emergency Medical Technician when the defendant Michael Jaccarino, who was intoxicated, assaulted her as he was being transported to a hospital by ambulance. On the evening of November 9, 2012, Jaccarino had consumed alcohol at the defendant Irish American Pub & Restaurant. The plaintiff alleged, inter alia, that Irish American Pub & Restaurant and the defendants 17 John Street Associates, LLC, and Bigtom, Inc. (hereinafter collectively the defendants), violated the Dram Shop Act (see General Obligations Law § 11-101).
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the defendants' motion and made an application for affirmative relief consisting of the imposition of sanctions against the defendants for spoliation of [*2]evidence. By order dated December 12, 2017, the Supreme Court granted the defendants' motion and denied the plaintiff's application. The plaintiff appeals.
We agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. "'To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages'" (Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137, quoting Pinilla v City of New York, 136 AD3d 774, 776-777; see General Obligations Law § 11-101[1]; Alcoholic Beverage Control Law § 65[2]). "Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages" (Flynn v Bulldogs Run Corp., 171 AD3d at 1137). Here, through the submission of a transcript of the deposition testimony of one of the two bartenders who was working at Irish American Pub & Restaurant on November 9, 2012, the defendants established, prima facie, that they did not serve alcohol to Jaccarino while he was visibly intoxicated (see Flynn v Bulldogs Run Corp., 171 AD3d at 1137; Trigoso v Correa, 150 AD3d 1041, 1043-1044; Sherwood v Otto Jazz, Inc., 142 AD3d 1160, 1160). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Pinilla v City of New York, 136 AD3d at 777).
Further, we agree with the Supreme Court's determination, upon exercising its discretion to entertain the plaintiff's application (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65), to deny the plaintiff's application to impose sanctions against the defendants for spoliation of evidence (see Sloane v Costco Wholesale Corp., 49 AD3d 522, 523; Carroll v City of New York, 287 AD2d 430, 431).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court