Franco v Half Moon Riv. Club, LLC (2023 NY Slip Op 01664)

Franco v Half Moon Riv. Club, LLC

2023 NY Slip Op 01664

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-04356
 (Index No. 69706/17)

[*1]Linda Franco, etc., respondent-appellant,
v
Half Moon River Club, LLC, etc., et al., appellants-respondents (and a third-party action).

Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom of counsel), for appellants-respondents.
Pirrotti & Glatt Law Firm PLLC, Scarsdale, NY (Anthony Pirrotti, Jr., of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated April 27, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the causes action alleging common-law negligence, and granted the plaintiff's cross-motion to impose sanctions against the defendants for spoliation of evidence to the extent of directing that a negative inference charge be given at trial against the defendants with respect to unavailable video surveillance footage. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of General Obligations Law § 11-101.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In November 2016, the plaintiff allegedly was injured when she slipped and fell on liquid on the floor of the defendants' premises while dancing at a wedding reception. The liquid substance allegedly was from a spilled drink. The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging common-law negligence and a violation of General Obligations Law § 11-101, known as the Dram Shop Act.
The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved to impose sanctions against the defendants for spoliation of evidence, based upon the defendants' failure to preserve video surveillance footage of the accident. By order dated April 27, 2020, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of the Dram Shop Act, and granted the plaintiff's cross-motion to the extent of directing that a negative inference charge be given at trial against the defendants with respect to the unavailable video surveillance footage. The defendants appeal, and the plaintiff cross-appeals.
"'To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages'" (Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137, quoting Pinilla v City of New York, 136 AD3d 774, 776-777; see General Obligations Law § 11-101[1]; Alcoholic Beverage Control Law § 65[2]). "Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages" (Flynn v Bulldogs Run Corp., 171 AD3d at 1137; see Soler v Jaccarino, 189 AD3d 1106, 1107).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of the Dram Shop Act by demonstrating that they did not serve alcohol to any visibly intoxicated individual who allegedly spilled a drink on which the plaintiff slipped and fell (see Soler v Jaccarino, 189 AD3d at 1107; Flynn v Bulldogs Run Corp., 171 AD3d at 1137-1138). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the defendants' motion.
However, contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the causes of action alleging common-law negligence. "In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Kelly v Roy C. Ketcham High Sch., 179 AD3d 653, 654; see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 608). Here, the evidence submitted by the defendants demonstrated that they had notice of the spill which allegedly caused the plaintiff's fall, and the defendants failed to establish, prima facie, that they adequately remedied that allegedly dangerous condition, or that they did not have a reasonable time to do so before the accident occurred (cf. Byrd v Walmart, Inc., 128 AD3d 629, 630). Since the defendants failed to meet their prima facie burden, the court properly denied that branch of their motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). Where the evidence was intentionally or wilfully destroyed, its relevance is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d at 1032). However, where the evidence was destroyed negligently, the party seeking sanctions must establish that the destroyed evidence was relevant to the party's claim or defense (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d at 1032).
Here, the plaintiff demonstrated that the defendants had an obligation to preserve video surveillance footage of the plaintiff's accident at the time of its destruction, but negligently failed to do so. Considering the nature of the plaintiff's injuries, the immediate documentation and investigation into the cause of the accident by the defendants' employees, as well as the plaintiff's request within a couple of days of the accident for the defendants' insurance information, the defendants were clearly on notice of possible litigation and, thus, under an obligation to preserve any evidence that might be needed for future litigation (see SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818; Eksarko v Associated Supermarket, 155 AD3d 826, 828; Maiorano v JPMorgan Chase & Co., 124 AD3d 536, 536; Suazo v Linden Plaza Assoc., L.P., 102 AD3d 570, 571).
Under the circumstances of this case, the Supreme Court providently exercised its [*2]discretion in imposing a sanction of a negative inference charge against the defendants at trial with respect to the unavailable video surveillance footage (see SM v Plainedge Union Free Sch. Dist., 162 AD3d at 819; Esarko v Associated Supermarket, 155 AD3d at 829; Peters v Hernandez, 142 AD3d 980, 981; Giuliano v 666 Old County Rd., LLC, 100 AD3d 960, 962).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court