Simmons v Vecchiano (2024 NY Slip Op 06072)

Simmons v Vecchiano

2024 NY Slip Op 06072

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-04827
 (Index No. 26225/09)

[*1]Stephen Simmons, respondent, 
v
Anthony Vecchiano, defendant, Rao's Bar & Grill, Inc., appellant.

Eric D. Feldman, New York, NY (Michael J. Kozoriz of counsel), for appellant.
Joseph A. Deliso, Brooklyn, NY, for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Rao's Bar & Grill, Inc., appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated June 15, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiff commenced an action, inter alia, to recover damages for personal injuries he allegedly sustained when the vehicle he was operating was struck by a vehicle operated by Anthony Vecchiano, an allegedly intoxicated driver. At his deposition in 2010, Vecchiano testified that immediately prior to the accident, he had been a patron at a restaurant named Rao's, where he was served alcohol, and that on the evening of the accident, he only consumed alcohol at the restaurant. He further testified that he patronized the restaurant approximately once a year.
The plaintiff thereafter commenced a separate action against Rao's Bar & Grill, Inc. (hereinafter Rao's Bar), the operator of the restaurant, alleging a cause of action to recover damages for a violation of the Dram Shop Act (General Obligations Law § 11-101[1]). The actions were thereafter consolidated.
In 2014, Rao's Bar deposed Vecchiano. At his second deposition, Vecchiano testified that he was not present at the restaurant on the night of the accident and, in fact, that he had never been to the restaurant. Based upon this testimony, Rao's Bar moved for summary judgment dismissing the complaint asserted against it. Rao's Bar argued, inter alia, that it was entitled to judgment as a matter of law because Vecchiano did not consume alcohol at the restaurant on the night of the accident. The Supreme Court denied the motion. Rao's Bar appeals.
General Obligations Law § 11-101(1) provides that "[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication." To establish a cause of action under the Dram Shop Act, "a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the [*2]resulting damages" (Filc v 221 Someplace Else, Ltd., 219 AD3d 1487, 1488 [internal quotation marks omitted]; see General Obligations Law § 11-101[1]; Franco v Half Moon Riv. Club, LLC, 214 AD3d 956; Trigoso v Correa, 150 AD3d 1041). "Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages" (Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137; see Tansey v Coscia, 159 AD3d 850; Sherwood v Otto Jazz, Inc., 142 AD3d 1160).
In support of its motion, Rao's Bar submitted the transcripts of Vecchiano's original deposition testimony and his later deposition testimony. At his first deposition, Vecchiano clearly testified that on the night of the accident, he was a patron of the restaurant, where he consumed alcohol and, in fact, that the restaurant was the only location at which he drank alcohol that evening. Vecchiano also described the restaurant's location, its interior, the bar, and the bartender who served him, as well as his drive to and from the restaurant. He also testified that he previously had been a patron of the restaurant on various occasions. Several years later, Vecchiano testified that he was not at the restaurant on the night of the accident, had never been to restaurant, and could not recall where he was the night of the accident. He also testified that he could not remember his testimony from his first deposition. This conflicting testimony, rather than establishing the entitlement of Rao's Bar to judgment as a matter of law, demonstrated the existence of a triable issue of fact as to whether Vecchiano consumed alcohol at the restaurant prior to the accident. While a co-owner of Rao's Bar testified at his deposition that the restaurant was "usually" closed on Saturdays and that "[t]o the best of [his] recollection," it was closed on the night of the accident, this equivocal testimony and other similar evidence, unsupported by any records from the restaurant, was not conclusive of the issue of whether the restaurant was open or served alcohol to Vecchiano on the night of the accident (see Jeter v Seagull Assoc., Inc., 43 AD3d 871, 872). Thus, Rao's Bar failed to establish as a matter of law that it did not serve alcohol to Vecchiano on the night of the accident.
The contention of Rao's Bar that the Supreme Court should have directed dismissal of the plaintiff's claim for punitive damages against it is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the motion of Rao's Bar for summary judgment dismissing the complaint asserted against it.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court