Garratt v Silva (2025 NY Slip Op 03045)

Garratt v Silva

2025 NY Slip Op 03045

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-07297
 (Index No. 703132/16)

[*1]Victoria Garratt, appellant, 
v
Michael Silva, et al., defendants, Taste Associates Corp., doing business as Central, respondent.

Greg Garber (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph, III], of counsel), for appellant.
Kiernan Trebach, LLP, New York, NY (Steven H. Rosenfeld, Maria Scalici, and Gail L. Ritzert of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 25, 2020. The judgment, insofar as appealed from, upon an order of the same court entered June 2, 2020, among other things, granting that branch of the motion of the defendant Taste Associates Corp., doing business as Central, which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 insofar as asserted against it, is in favor of the defendant Taste Associates Corp., doing business as Central, and against the plaintiff dismissing the cause of action alleging a violation of General Obligations Law § 11-101 insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In March 2016, the plaintiff, Victoria Garratt, allegedly was injured in a motor vehicle accident. Prior to the accident, the plaintiff and the defendant Samantha Maloney were at a club owned and operated by the defendant Taste Associates Corp., doing business as Central (hereinafter Central). When they left the club, the plaintiff drove Maloney to the plaintiff's residence so that Maloney could retrieve her vehicle. Maloney then left in her vehicle, which had been parked near the plaintiff's residence, with the intention of driving to her mother's residence. While driving northbound on the Whitestone Expressway, Maloney was involved in a single-vehicle accident.
Thereafter, an off-duty emergency medical technician (hereinafter the EMT) stopped to provide assistance, parking his pickup truck in front of Maloney's vehicle. At approximately the same time, Maloney spoke to the plaintiff on the phone and told her she had been involved in an accident. The plaintiff drove to the scene of the single-vehicle accident and parked directly behind Maloney's vehicle. While the plaintiff, Maloney, and the EMT were standing outside their vehicles, a vehicle driven by the defendant Michael Silva struck the rear of the plaintiff's vehicle, which caused it to strike Maloney's vehicle, which, in turn, collided with the EMT's vehicle. As a result of these collisions, the plaintiff was struck and thrown over the side of the elevated expressway. She fell approximately 25 to 30 feet to the ground.
The plaintiff commenced this action to recover damages for personal injuries against, among others, Central, asserting a violation of General Obligations Law § 11-101, known as the Dram Shop Act, due to its service of alcohol to Maloney.
Central moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it. By order entered June 2, 2020, the Supreme Court, among other things, granted that branch of Central's motion, determining that there was no reasonable or practical connection between Central's alleged service of alcohol to Maloney and the plaintiff's alleged injuries. A judgment was thereafter entered upon the order. The plaintiff appeals from so much of the judgment as dismissed the cause of action alleging a violation of the Dram Shop Act insofar as asserted against Central.
General Obligations Law § 11-101(1) provides that "[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication." "'To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages'" (Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 957 [internal quotation marks omitted], quoting Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137; see General Obligations Law § 11-101[1]; Alcoholic Beverage Control Law § 65[2]; Pinilla v City of New York, 136 AD3d 774, 776-777). "'Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages'" (Franco v Half Moon Riv. Club, LLC, 214 AD3d at 957, quoting Flynn v Bulldogs Run Corp., 171 AD3d at 1137; see Soler v Jaccarino, 189 AD3d 1106, 1107).
Here, Central established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it by demonstrating that the plaintiff's alleged injuries, which were sustained as a result of a separate multi-vehicle accident that occurred approximately 30 minutes after Maloney's single-vehicle accident, were not reasonably or practically related to Central's service of alcohol to an allegedly intoxicated Maloney (see Tavarez v Sidetracks, LLC, 128 AD3d 806, 807; Greco v Begley, 4 AD3d 505). In opposition, the plaintiff failed to raise a triable issue of fact (see Tavarez v Sidetracks, LLC, 128 AD3d at 807; Greco v Begley, 4 AD3d at 505). Accordingly, the Supreme Court properly granted that branch of Central's motion which was for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court