Bisono v Viva Viva Taqueria (2025 NY Slip Op 04539)

Bisono v Viva Viva Taqueria

2025 NY Slip Op 04539

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-01373
 (Index No. 717055/20)

[*1]Perla Bisono, appellant, 
v
Viva Viva Taqueria, respondent, et al., defendant.

Sacco & Fillas, LLP, Astoria, NY (Bryan Schenkman of counsel), for appellant.
Quintairos, Prieto, Wood & Boyer, P.A., New York, NY (Tanya M. Branch and Nancy Ledy-Gurren of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated January 10, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Viva Viva Taqueria which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2020, the plaintiff allegedly sustained injuries while riding as a passenger on an electric scooter allegedly owned by the defendant Viva Viva Taqueria (hereinafter Viva) and operated by the defendant Joseph, also known as "Salvador," Morales. The accident occurred while the plaintiff and Morales had left a restaurant operated by Viva to purchase food from a nearby pizzeria. Morales allegedly was intoxicated while operating the scooter, having consumed alcohol at Viva's restaurant earlier in the evening. Thereafter, the plaintiff commenced this action against, among others, Viva, alleging vicarious liability under the doctrine of respondeat superior, negligent entrustment, and a violation of General Obligations Law § 11-101, known as the Dram Shop Act, due to Viva's alleged service of alcohol to Morales. Following the completion of discovery, Viva moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated January 10, 2024, the Supreme Court, among other things, granted that branch of Viva's motion. The plaintiff appeals.
"The doctrine of respondeat superior renders [an employer] vicariously liable for a tort committed by [its employee] within the scope of employment" (Maldonado v Allum, 208 AD3d 470, 471 [internal quotation marks omitted]; see Rivera v State of New York, 34 NY3d 383, 389). "An employee's actions fall within the scope of employment where the purpose of performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 647 [internal quotation marks omitted]; see Ciccone v City of New York, 138 AD3d 910, 910). "Conversely, where an employee's actions are taken for wholly personal reasons [that] are not job [*2]related, his or her conduct cannot be said to fall within the scope of employment" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 647 [internal quotation marks omitted]; see Ciccone v City of New York, 138 AD3d at 910). Here, Viva established its prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against it by demonstrating that Morales's allegedly tortious conduct was not within the scope of his employment (see Pinto v Tenenbaum, 105 AD3d 930, 931-932; Xin Tang Wu v Ng, 70 AD3d 818, 819). In opposition, the plaintiff failed to raise a triable issue of fact.
"An owner of a motor vehicle may be liable for negligent entrustment if [he or she] was negligent in entrusting it to a person [he or she] knew, or in exercise of ordinary care should have known, was not competent to operate it" (Shepard v Power, 219 AD3d 769, 772 [internal quotation marks omitted]). Here, Viva established its prima facie entitlement to judgment as a matter of law dismissing the negligent entrustment cause of action asserted against it by demonstrating that it did not entrust the scooter to Morales, as it did not own or control the scooter (see Burrell v Barreiro, 83 AD3d 984, 985-986). In opposition, the plaintiff failed to raise a triable issue of fact.
"[F]or a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages" (Soler v Jaccarino, 189 AD3d 1106, 1107 [internal quotation marks omitted]; see Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 957). Here, Viva established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of the Dram Shop Act asserted against it by demonstrating that it did not sell alcohol to Morales prior to the subject incident (see D'Amico v Christie, 71 NY2d 76, 84; Carr v Kaifler, 195 AD2d 584, 585). Moreover, Viva demonstrated through the plaintiff's own deposition testimony that Morales was not visibly intoxicated while at Viva's restaurant just prior to the accident (see Franco v Half Moon Riv. Club, LLC, 214 AD3d at 957; Trigoso v Correa, 150 AD3d 1041, 1043-1044). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Viva's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court