Procopio v Eichle

2026 NY Slip Op 02682

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Procopio, etc., appellant,

v

John Eichle, defendant, Kim Eichle, defendant-respondent; Joseph Russo, third-party defendant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-00757, (Index No. 616028/18)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Glynn Mercep Purcell and Morrison, LLP, Stony Brook, NY (A. Craig Purcell of counsel), for appellant.

Goldberg, Miller & Rubin, P.C., New York, NY (Warren D. Holland of counsel), for defendant-respondent.

Bennett, Bricklin & Saltzburg LLC, New York, NY (Stephen Trzcinski of counsel), for third-party defendant-respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated January 18, 2022. The order, insofar as appealed from, granted the motion of the defendant Kim Eichle for summary judgment dismissing the amended complaint insofar as asserted against her and granted those branches of the third-party defendant's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the defendant Kim Eichle.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.

In the early morning of January 1, 2018, the plaintiff's son (hereinafter the infant) allegedly was injured after being punched outside of a New Year's Eve party hosted at the home of the defendant Kim Eichle (hereinafter the defendant). After leaving the party, and while outside the defendant's home, the infant and the third-party defendant, Joseph Russo, exchanged words, after which Russo punched the infant causing him to fall onto the concrete sidewalk and hit his head.

The plaintiff, as parent and natural guardian of the infant, and individually, commenced this action against the defendant, and another defendant, alleging, inter alia, that the defendant violated New York General Obligations Law §§ 11-100 and 11-101. After depositions were held, the plaintiff amended the complaint to add an additional cause of action alleging premises liability. The defendant commenced a third-party action against Russo, alleging, among other things, that Russo was negligent during the confrontation with the infant and that if the defendant was found liable for the infant's injuries, the defendant was entitled to contribution from Russo.

Russo subsequently moved, inter alia, for summary judgment dismissing the first and second causes of action insofar as asserted against the defendant. The defendant then moved for summary judgment dismissing the amended complaint insofar as asserted against her. In an order [*2]dated January 18, 2022, the Supreme Court, among other things, granted the defendant's motion and those branches of Russo's motion. The plaintiff appeals.

General Obligations Law § 11-101(1), otherwise known as the Dram Shop Act, provides that "[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication." The Legislature supplemented the Dram Shop Act by adding General Obligations Law § 11-100, which imposes liability "only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage'" (Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d 1142, 1143, quoting Sherman v Robinson, 80 NY2d 483, 487-488; see Filc v 221 Someplace Else, Ltd., 219 AD3d 1487, 1488; Heins v Vanbourgondien, 180 AD3d 1019, 1025). "'[F]or a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages'" (Simmons v Vecchiano, 233 AD3d 724, 725, quoting Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137).

Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of the Dram Shop Act by demonstrating that she did not serve alcohol to any visibly intoxicated individual, nor did she procure or furnish alcohol to any of the minors at her home, including Russo (see Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 957; Soler v Jaccarino, 189 AD3d 1106, 1107; Fantuzzo v Attridge, 291 AD2d 871, 872). In opposition, the plaintiff failed to raise a triable issue of fact.

"'Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Grande v Won Hee Lee, 171 AD3d 877, 878, quoting Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Lucas v Genting N.Y., LLC, 227 AD3d 795, 795).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the infant, which demonstrated that the infant was unable to identify if the allegedly icy sidewalk played a role in his fall without engaging in speculation (see Osmolska v Giuseppa Morreale Family Trust, 230 AD3d 594, 595). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is improperly raised for the first time on appeal.

Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against her and those branches of Russo's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the defendant.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court